UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Fort Myers Division

| | |
|---|---|
| Marengo at Fiddler's Creek Condominium Association, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Empire Indemnity Insurance Company, <br><br> Defendant. | Case No. 2:20-cv-00973 <br><br> Jury Trial: ☒ Yes ☐ No |

**COMPLAINT**

Plaintiff, Marengo at Fiddler's Creek Condominium Association, Inc., hereby sues the Defendant, Empire Indemnity Insurance Company, and states:

1. This is an action for breach of contract wherein the Plaintiff's damages are greater than seventy-five thousand dollars ($75,000) exclusive of interest, costs, fees, and attorney's fees.

2. At all material times hereto, Plaintiff, Marengo at Fiddler's Creek Condominium Association, Inc. ("Marengo"), is and was a citizen of Florida where it is incorporated with the property and its principal place of business is located in Naples, Florida.

3. At all material times hereto and upon information and belief, Defendant, Empire Indemnity Insurance Company ("Defendant"), is and was a citizen of Oklahoma and Illinois with Defendant being incorporated in Oklahoma and maintaining its principal place of business in Illinois.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2).

**ALLEGATIONS OF FACT**

5. Defendant issued Marengo an insurance policy, bearing policy number ECL9490749-01 (the "Policy"), with effective dates of April 10, 2017 through April 10, 2018, which insured Marengo's property located at or about 3146 Aviamar Cir., Naples, Florida 34114, et seq., as defined by the Policy Schedule (the "Property"). A true and correct copy of the Policy is attached hereto as **Exhibit "A."**

6. On or about September 10, 2017, the Property was damaged by Hurricane Irma.

7. Marengo made a claim for insurance benefits arising out of Hurricane Irma.

8. Defendant acknowledged Marengo's loss and assigned the claim number 5630011094 ("Claim") to the loss.

9. On or about June 5, 2020, Marengo and Defendant entered an Agreement to determine the amount of the Claim via the appraisal process as set forth in the Policy. A copy of the Agreement is attached hereto as **Exhibit "B".**

10. The subject claim was submitted to appraisal on or about August 1, 2020.

11. On or about October 29, 2020, an appraisal award was issued ("Appraisal Award"). A copy of the Appraisal Award is attached hereto as **Exhibit "C".**

12. The Agreement states in relevant part: "Empire Indemnity agrees to pay the award within thirty (30) days of the issuance of such award." See attached **Exhibit "B."**

13. Defendant has refused and continues to refuse to pay the Appraisal Award.

14. Marengo has performed all conditions required of it under the Agreement and the Policy.

15. All conditions precedent to the instant action have been performed, waived, or otherwise complied with.

16. Marengo has retained the undersigned law firm to represent it in this action.

### COUNT I – BREACH OF CONTRACT - AGREEMENT

17. Marengo re-alleges paragraphs one through sixteen and incorporates the same by reference herein.

18. Marengo and Defendant mutually agreed to resolve the Claim through an appraisal pursuant to the Policy. Such agreement was memorialized in the Agreement attached hereto as **Exhibit "A"**.

19. Defendant has breached the Agreement by failing to pay the Appraisal Award within the time allotted.

20. Marengo has been damaged as a result of Defendant's material breach of the Agreement.

21. Insured is entitled to recover attorney's fees and costs pursuant to Sections 627.428, 626.911, 57.104, 57.041, Florida Statutes as well as the Agreement.

WHEREFORE, Plaintiff requests this Court enter a judgment in its favor against Defendant for the amount of the appraisal award as well as any applicable interest, costs, and attorneys fees as well as such further relief as may be just and proper in favor of Plaintiff.

### COUNT II – BREACH OF CONTRACT – POLICY

22. Marengo re-alleges paragraphs one through sixteen, and incorporates the same by reference herein.

23. This count is pled in the alternative to Count I, above.

24. Marengo is the named insured under the Policy and said policy was in full force and effect as to Marengo at all times material to this Complaint, including when Marengo's Property was damaged as described above.

25. Defendant has materially breached the Policy by (i) refusing to provide coverage for all or a portion of the Claim, (ii) refusing to provide sufficient compensation for damages to the Property due under the Policy as have both been determined by the appraisal award attached hereto at **Exhibit "C"** or otherwise, and (iii) failing to pay the appraisal award in the time allotted by the Policy.

26. Marengo has suffered damages as a result of Defendant's material breach of the Policy.

27. As a result of Defendant's refusal to provide full compensation to Marengo for damages, the Property remains in an unfinished and damaged condition and Marengo continues to suffer damages in paying for items which are properly covered by the Policy.

28. As a result of Defendant's aforementioned breach of contract, it has become necessary that Marengo retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.911, 57.104, 57.041, Florida Statutes. Marengo is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action including all resulting costs.

29. Marengo is entitled to recover attorney's fees and costs pursuant to Sections 627.428, 626.911, 57.104, 57.041, Florida Statutes.

WHEREFORE, Plaintiff, Marengo, requests this Court enter a judgment in its favor against Defendant for damages as well as any applicable interest, costs, and attorney's fees as well as such further relief as may be just and proper in favor of Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, Marengo, hereby demands a trial by jury on all issues so triable.

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 14th day of December, 2020.

/s/ *Cary J. Goggin*
Cary J. Goggin, Trial Counsel
Florida Bar No. 92404
Amanda Broadwell
Florida Bar No. 111388
**GOEDE, ADAMCZYK, DEBOEST & CROSS, PLLC**
6609 Willow Park Drive, Suite 201
Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
CGoggin@gadclaw.com
ABroadwell@gadclaw.com
JDelgado@gadclaw.com
*Attorneys for Plaintiff*