UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARENGO AT FIDDLER'S CREEK
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

v.                                                      Case No: 2:20-cv-973-JLB-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

Defendant Empire Indemnity Insurance Company ("Empire") insured property owned by Plaintiff Marengo at Fiddler's Creek Condominium Association, Inc. ("Marengo"). Hurricane Irma damaged the insured property and Marengo submitted a claim to Empire. The parties disagreed as to the amount of insured damages and agreed to decide their disagreement through the appraisal process. The appraiser entered an award of $11,244.598.29. When Empire failed to pay the appraisal award by the agreed-upon thirty-day deadline, Marengo sued to enforce the award.

About four months after initiating suit, Marengo moved for summary judgment. (Doc. 15.) Contending its defenses rely upon the discovery of additional facts, Empire moved to defer ruling on Marengo's summary judgment motion until Empire had time to complete its discovery in accordance with the Case Management and Scheduling Order (Doc. 14) deadlines agreed to by the parties.

(Doc. 16.) In support, Marengo filed an affidavit outlining necessary discovery and the steps it is taking to move this case forward (the "Howell Affidavit"). (Doc. 16-1.) Marengo timely responded to Empire's motion to defer. (Doc. 18.) For the reasons below, the Court **GRANTS** Empire's motion to defer (Doc. 16).

## LEGAL STANDARD

Empire moves to defer ruling under Rule 56(d). "There is 'no blanket prohibition on the granting of summary judgment motions before discovery' has occurred." Est. of Todashev by Shibly v. United States, 815 F. App'x 446, 450 (11th Cir. 2020) (quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989)). But "[a] district court may defer ruling on a motion for summary judgment where the party opposing the motion demonstrates through affidavit why it cannot present facts essential to justify [the motion's] opposition." Slater v. Progress Energy Serv. Co., No. 8:09-cv-208-T-24-EAJ, 2010 WL 1408431, at *2 (M.D. Fla. Apr. 6, 2010) (quotation omitted). "Such continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Wichita Falls Off. Assocs. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quotation omitted).

"Whether to grant or deny a Rule 56[(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Todashev, 815 F. App'x at 451 (quoting Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)).

"Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests." Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (citations omitted). Courts apply Rule 56(d) with a "spirit of liberality." Todashev, 815 F. App'x at 453 (collecting cases).

## DISCUSSION

Empire seeks to defer ruling on summary judgment so that it can conduct discovery. "[T]he party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (citing Snook, 859 F.2d at 870–71, and WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988)). Here, Empire was operating under the assumption that discovery was set to close on October 22, 2021. (See Doc. 14 at 1.) Marengo moved for summary judgment on March 23, 2021, seven months before the discovery cutoff and just four months after filing its complaint.

Though a delayed payment of insurance benefits is at issue in this case, there is no evidence of material delay in Empire's handling of this litigation. Empire has served written discovery (Doc. 16-1 at 10–26) and specified depositions it seeks (George Keys, Eugene Piacentini, and Marengo's corporate representative), as well as how each witness will illuminate outstanding issues. (Doc. 16 at 11; Doc. 16-1 at 3–4, 8–9.) This is clearly not a case of Empire waiting until the eleventh hour to seek discovery, thereby delaying resolution. Rather, Empire has actively availed

3

itself of the discovery process in accordance with the Case Management and Scheduling Order. (Doc. 14.) Had Empire sought discovery at the last minute after the discovery cutoff in a clear effort to extend this case and further delay payment, it might be appropriate to rule on the summary judgment motion without further discovery. That is not the case. Empire has demonstrated sufficient diligence in its discovery efforts.

Marengo takes issue with Empire's requested discovery, suggesting it was served in response to Marengo's summary judgment motion. Marengo insists no further discovery is necessary. (Doc. 18.) But Empire is entitled to use the discovery process within the permissible framework of the judicial process. And Empire has set forth its reasoning for conducting discovery. Based on this reasoning, the Court is satisfied that Empire seeks discovery in good faith and not to delay.

Marengo also argues that the sole issue raised by the Howell Affidavit is Marengo's compliance with post-loss conditions and that those conditions are irrelevant to the determination of the summary judgment motion. (Doc. 18 at 13.) But Empire has identified other specific issues it seeks to address through discovery. (Doc. 16-1 at 3–4.) For example, Empire contends issues remain with: (1) how the appraisal was conducted; (2) whether parties complied with the Appraisal Agreement; and (3) whether the appraisal panel exceeded its authority. (Id. at 3.) And Empire has described, through the Howell Affidavit (id. at 3–4), how each deponent will aid this search. Empire has therefore described with sufficient

particularity the discovery it seeks. The Court finds the Howell Affidavit (Doc. 16-1) credible in sufficiently establishing Empire's need to conduct discovery before the Court rules on Empire's summary judgment motion. As such, the Court is satisfied that Empire is seeking resolution in a manner compliant with governing procedure and is not simply on a dilatory fishing expedition.

And while Marengo expresses concern over a fishing expedition, it has other, more appropriate methods available to defend against excessive, irrelevant discovery. The Court is satisfied that Empire's efforts are targeted enough to require deferral of ruling on the summary judgment motion until after the discovery cutoff previously agreed to by the parties. If it turns out that the discovery requests create a separate discovery issue, the parties can resolve that through the usual avenues.

Although Marengo feels Empire has delayed payment of its insurance claim for several years without reason, deciding a summary judgment motion without giving a party a reasonable opportunity to complete discovery is prejudicial to that party. Each party is entitled to use the tools available to it through the judicial process in accordance with applicable rules of procedure. Empire has demonstrated that it has not had an adequate opportunity to use the discovery process to build a summary judgment record.

Accordingly, the Court orders that:

1. Empire's motion to defer ruling on Marengo's motion for summary judgment (Doc. 16) is **GRANTED**.

2. Marengo's motion for summary judgment (Doc. 15) is **DENIED WITHOUT PREJUDICE** as premature.

3. The parties are directed to meet and confer in the next 14 days to determine what, if any, additional time Empire needs to complete discovery and respond to Marengo's motion for summary judgment. If the parties reach agreement for completion of discovery by a certain date, they may file a notice of that agreement with the Court. If the parties are unable to reach agreement, the deadlines in the current Case Management and Scheduling Order (Doc. 14) shall remain in effect.

**ORDERED** in Fort Myers, Florida on August 17, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE