**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MARENGO AT FIDDLER'S CREEK
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.                                                                Case No. 2:20-CV-973-JLB-NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Marengo at Fiddler's Creek Condominium Association, Inc., hereby sues the Defendant, Empire Indemnity Insurance Company, and states:

    1.    This is an action for breach of contract wherein the Plaintiff's damages are greater than seventy-five thousand dollars ($75,000) exclusive of interest, costs, fees, and attorney's fees.

    2.    At all material times, Plaintiff, Marengo at Fiddler's Creek Condominium Association, Inc. ("Marengo"), is and was a citizen of Florida where it is incorporated with the property and its principal place of business is located in Naples, Florida.

    3.    Upon information and belief, at all material times, Defendant, Empire Indemnity Insurance Company ("Defendant"), is and was a citizen of Oklahoma

and Illinois with Defendant being incorporated in Oklahoma and maintaining its principal place of business in Illinois.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2).

## ALLEGATIONS OF FACT

5. Defendant issued Marengo an insurance policy, bearing policy number ECL9490749-01 (the "Policy"), with effective dates of April 10, 2017 through April 10, 2018, which insured Marengo's property located at or about 3146 Aviamar Cir., Naples, Florida 34114, et seq., as defined by the Policy Schedule (the "Property"). A true and correct copy of the Policy is attached as **Exhibit "A."**

6. On or about September 10, 2017, the Property was damaged by Hurricane Irma.

7. Marengo made a claim for insurance benefits arising out of Hurricane Irma.

8. Defendant acknowledged Marengo's loss and assigned the claim number 5630011094 ("Claim") to the loss.

9. On or about June 5, 2020, Marengo and Defendant entered an Agreement to appraisal as set forth in the Policy. A copy of the Agreement is attached as **Exhibit "B".**

10. The subject claim was submitted to appraisal on or about August 1, 2020.

11. On or about October 29, 2020, an appraisal award was issued (the "Appraisal Award"). A copy of the Appraisal Award is attached as **Exhibit "C".**

12. The Policy states in relevant part that Empire Indemnity will pay for covered loss or damage to Covered Property within 30 days after an appraisal award has been made. See **Exhibit "A."**

13. Defendant has refused and continues to refuse to pay the Appraisal Award.

14. Marengo has retained the undersigned law firm and has agreed to pay a reasonable fee for representation in this action.

15. Marengo is entitled to recover from Defendant the reasonable attorneys' fees and costs Marengo has incurred.

16. Marengo has performed all conditions required of it under the Agreement and the Policy and any conditions precedent to the instant action have been performed, occurred, been waived, or otherwise satisfied.

## COUNT I – BREACH OF CONTRACT

17. Marengo incorporates paragraphs one through 16 as if fully set forth herein.

18. Marengo is the named insured under the Policy, which was in full force and effect as to Marengo at all times material, including when Marengo's Property was damaged by Hurricane Irma.

19. Defendant materially breached the Policy by (i) refusing to timely provide coverage for all or a portion of the Claim, (ii) refusing to timely provide proper compensation for covered damages to the Property owed pursuant to the Policy as have both been determined by the Appraisal Award or otherwise, and (iii) failing to timely pay the appraisal award.

20. Defendant's material breach of the Policy has damaged Marengo.

21. As a result of Defendant's aforementioned breach of contract, it has become necessary that Marengo retain the services of the undersigned attorneys pursuant to Sections 626.9373 and/or 626.911. Marengo is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action including all resulting costs.

22. Marengo is entitled to recover attorney's fees, and fees and costs pursuant to Sections 626.9373 and/or 626.911, 57.104, and 57.041, Florida Statutes.

WHEREFORE, Plaintiff, demands judgment in its favor and against Defendant for damages as well as an award of costs, prejudgment interest, reasonable attorney's fees, and such further relief as this Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.  This Amended Complaint is filed with the written consent of Defendant pursuant to this Court's order of August 6, 2024 (Doc. 44).

**GOEDE, DEBOEST & CROSS, PLLC**

/s/ Stanley A. Bunner, Jr.
Stanley A. Bunner, Jr.
Florida Bar No. 0297010
Kurtis Jay Keefer
Florida Bar No. 0668011
Amanda Broadwell
Florida Bar No. 111388
6609 Willow Park Drive, Suite 201
Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
sbunner@gadclaw.com
abroadwell@gadclaw.com
jdelgado@gadclaw.com
*Attorneys for Plaintiff*